JACKSON, *ex dem.* HELMER, *against* HARTER.

*Where two contiguous patents had become forfeited to the state. and the commissioners of forfeitures granted a lot in one patent to A. and an adjoining lot in the other patent to B. without reference in the deeds to the boundaries of the patents, it was held, that whatever difficulty there might be as to the true boundary between the patents yet that as the title to both was in the state, and the commissioners might grant without reference to the boundary. A., who had the prior or grant of the premises in question, as part of one patent was entitled to hold them, although according to the true location they might be comprehended within the other patent.*

THIS was an action of ejectment which was tried before Mr. Justice VAN NESS, at the *Herkimer* circuit, in *June*, 1816.

The premises in question were claimed by the plaintiff as part of lot No. 1., in the subdivision of great lot No. 5., in the general division of *Glen's* purchase, in the town and county of *Herkimer.* The plaintiff gave in evidence a deed from two of the commissioners of forfeitures of the western district, to *James Caldwell,* dated the 27th of *August,* 1788, for the lot No. 1., which was described therein as lot No. 1., in the division of lot No. 5., in the patent to *Glen, De Lancey,* and others, and which had become forfeited by the attainder of *De Lancey,* estimated as containing 125 acres. *Caldwell,* by deed dated the 16th of *July,* 1794, conveyed to the lessor of the plaintiff.

The defendant claimed the premises as part of lot No. 165., in the first allotment of the patent to Sir *William Johnson,* called the royal grant, and produced in evidence a deed of lot No. 165., from the commissioners of forfeitures of the western district, to *Peter Bellinger, Adam Harter, Michael Myers,* and *Frederick Harter,* dated the 15th of *February,* 1788, which was described therein as lot No. 165., in the first allotment of the patent to Sir *William Johnson,* which had become forfeited by the attainder of Sir *John Johnson.* Three of the grantees, by deed dated the 1st of *January,* 1790, released their interest to *Frederick Harter,* the other grantee. The boundary line between the two patents had been run by directions of Sir *William Johnson,* in 1772, according to which the premises in question would be included in *Glen's* purchase ; and in 1786 a boundary line between the patents was run by *John Van Alen,* by order of the commissioners of forfeitures, by which the premises fell within the patent to *Johnson.* A variety of testimony was given at the trial as to the true location of the patents, but which it is unnecessary to state.

A verdict was found for the plaintiff, subject to the opinion of the court.

*Ford,* for the plaintiff.

*Storrs,* contra.

*Per Curiam.* The lessor of the plaintiff claims the premises in question, as being in lot No. 1., of lot No. 5., in *Glen's* purchase. The defendant claims the same, as being in lot No. 165., in the *royal grant.* There is considerable difficulty in ascertaining the true line between these patents ; but this is not very important for the purpose of settling the present question. Both parties claim under deeds from the commissioners of forfeitures. Both patents had become forfeited, and the title vested in the people of this state. Whatever difficulty, therefore, might have existed with respect to the lines, the commissioners had a right to convey, without reference to the division line between the patents. They caused the land to be run out by *John E. Van Alen ;* and they conveyed according to *Van Alen's* survey. The deed to the defendant is the oldest, and ought to hold the land. Though the deeds of the respective parties mention the lots in the different patents, the plaintiff's, as being lot No. 1., in the subdivision of Lot No. 5., in *Glen's* purchase, and the defendant's, as being lot No. 165., in the royal grant ; yet, in describing the boundaries, no mention in either deed is made of the line between the two patents. We are, accordingly, of opinion, that the defendant is entitled to judgment.

Judgment for the defendant.